**FILED**

JUN 2 3 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. **JUDGE COAR** **05 C 3655** |
| WEBSTER TEMPORARY SERVICES, INC., | )<br>) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) MAGISTRATE JUDGE NOLAN<br>)<br>) |

## CLASS ACTION COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101 et seq., and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of a perceived disability and to provide appropriate relief to Melvin R. Davis ("Davis"), and a class of individuals, who were adversely affected by such practices. The Commission alleges that Defendant Webster Temporary Service, Inc. ("Defendant") discriminated against Davis by refusing to accept his employment application and thus failing to hire him in violation of the ADA. The Commission also alleges that Defendant discriminated against a class of individuals based on their perceived disabilities by making inquiries that are likely to elicit information about a disability prior to an offer of employment.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court in the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107 (a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times Defendant Webster Temporary Services, Inc. ("Defendant") has been and is now an Illinois corporation doing business in the State of Illinois and has continuously had and does now have at least fifteen (15) employees.

5. At all relevant times Defendant has been an employment agency regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such person under Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 102(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

8. More than thirty (30) days prior to the institution of this lawsuit, Melvin R. Davis filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least June 2002, Defendant has engaged in unlawful employment practices at its facility in violation of Sections 102(a), 102(b)(1) and 102(b)(6) of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(1), 12112(b)(5) and 12112(d)(2)(A). These practices include Defendant's refusal to accept Davis' employment application and thus its failure to hire him in violation of the ADA. These practices also include Defendant's practice of making inquiries to Charging Party and a class of individuals that are likely to elicit information about a disability prior to an offer employment.

10. The effect of the practices complained of has been to deprive Davis and a class of individuals of equal employment opportunities and otherwise adversely affect their employment status on the basis of their perceived disabilities.

11. The unlawful employment practices complained of above were intentional.

12. Defendant, at all relevant times, has acted with malice or reckless indifference to the federally protected rights of Davis and a class of individuals.

## PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, management personnel, employees, agents, successors, assigns and all persons in active concert or

participation with it, from engaging in any employment practice which discriminates on the basis of an individual's perceived disability; and from retaliation against any person because that person has, in good faith, opposed discriminatory policies or practices, has filed a charge with the EEOC, or because of the person's participation in, or cooperation with, the initiation, investigation, and/or litigation of this case.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Melvin R. Davis and a class of individuals, by providing back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Melvin R. Davis, by providing compensation for pecuniary losses resulting from the unlawful employment practices described in paragraph 9, above, in amounts to be proved at trial.

E. Order Defendant to make whole Melvin R. Davis and a class of individuals, by providing compensation for non-pecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including pain, suffering, emotional distress, inconvenience and mental anguish, in amounts to be proved at trial.

F. Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in paragraph 9, in amounts to be proved at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Grant the Commission its costs in this action.

**JURY TRIAL DEMANDED**

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. Equal Employment
    Opportunity Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Gregory M. Gochanour
Supervisory Trial Attorney

_____
Ethan Michael Morley Cohen
Trial Attorney

Ethan M. M. Cohen
A.R.D.C. #6206781
U.S. Equal Employment
    Opportunity Commission
Chicago District Office
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7568